# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| SHELDON C. McAULEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 1:12-CV-92 PS |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Sheldon C. McAuley, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his convictions in Allen County for battery, residential entry, and interference with the reporting of a crime. *State v. McAuley*, No. 2D04-1004-FC-78. I am obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

On direct appeal, the Indiana Court of Appeals summarized the facts underlying McAuley's offenses as follows:

> In the early morning hours of January 1, 2010, the victim in this case, Shalissa Hicks, returned to her apartment after being out. In the parking lot of her apartment building, she encountered McAuley, her ex-boyfriend against whom she had a protective order. McAuley and Hicks struggled, and McAuley took Hicks' keys and unlocked her apartment door. McAuley attempted to pull Hicks into her apartment, but Hicks resisted. As Hicks was struggling with McAuley, McAuley fell on top of Hicks and broke her leg. Hicks asked McAuley to call the police, but he refused. McAuley took Hicks' cell phone and left. Hicks yelled for help but was unable to get anyone's attention. After crawling to the parking lot and obtaining another cell phone from her purse, she was able to call for help.

> Based upon this incident, McAuley was charged with battery, residential entry, and interference with the reporting of a crime. At trial, McAuley testified in his defense

and denied seeing Hicks on December 31, 2009 and/or January 1, 2010. A jury found him guilty on all charges, and he was sentenced to an aggregate term of eight years.

*McAuley v. State*, No. 02A03-1011-CR-646, 2011 WL 2732667 (Ind. App. Ct. July 14, 2011), at *1.

McAuley appealed, arguing that the evidence was insufficient to support his convictions. *Id.* at *1-2. On July 14, 2011, the Indiana Court of Appeals affirmed. *Id.* at *3. He did not seek review in the Indiana Supreme Court or the U.S. Supreme Court. (DE 1 at 3-4.) On August 12, 2011, McAuley filed a petition for post-conviction relief claiming ineffective assistance of appellate counsel on various grounds. (*Id.* at 35, 27-70.) These are the same claims he raises in his federal petition. (*See id.* at 27-70.) To date, the post-conviction petition remains pending. (*See id.* at 37-46, 71.)

McAuley's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, a writ of habeas corpus may issue on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, before considering the merits of a habeas petition, I must ensure that the petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To properly exhaust, the petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis*, 390 F.3d at 1025-26.

Here, it is clear from the petition that McAuley has not yet presented his claims in one complete round of state review. Until he does so, he cannot obtain federal habeas relief.

McAuley appears to argue that his failure to exhaust should be excused because of excessive delay in the state proceedings. (*See* DE 1 at 37-40.) In rare instances, federal courts may dispense with the exhaustion requirement because delay on the part of the state has led to injustice to the petitioner. *Granberry v. Greer*, 481 U.S. 129, 135-36 (1987); *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). To qualify for this exception, the delay must be both "inordinate" and "unjustifiable." *Jackson*, 112 F.3d at 881. Thus, where a petition for post-conviction relief had "lain dormant" in state court for more than three years, the Seventh Circuit found grounds to excuse the exhaustion requirement unless the state could show that the delay was justified. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981); *see also Jackson*, 112 F.3d at 878-79 (state's failure to take any action on post-conviction petition for more than five years would provide grounds for excusing the exhaustion requirement).

McAuley's case does not fall into this exceptional category. Instead, his post-conviction petition has only been pending for a matter of months. By his own account, during that time period the state has responded to the petition and the trial court has made numerous procedural rulings, including issuing a recent order setting a schedule for submission of evidence and resolution of the petition. (DE 1 at 35-37, 71.) Although McAuley apparently disagrees with some of the court's procedural rulings, that does not provide a basis for him to simply bypass the entire state process. Indeed, McAuley may ultimately be granted post-conviction relief, which would render his federal petition moot. Accordingly, I find no basis for excusing McAuley's failure to exhaust his state court remedies.

The Seventh Circuit has directed that a district court must consider staying rather than dismissing a habeas petition containing unexhausted claims when it would be too late for the

petitioner to return to federal court, such that a dismissal would "effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). Here, McAuley's conviction became final for purposes of AEDPA when the time for seeking review in the Indiana Supreme Court expired on direct appeal. IND. APP. R. 57(C)(1) (petition to transfer to the Indiana Supreme Court must be filed within 30 days of appellate court judgment); *Gonzalez v. Thaler*, —U.S.—, 132 S. Ct. 641, 653-54 (U.S. Jan. 10, 2012) (when a state prisoner does not seek review in the state's highest court, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). Ordinarily he would have one year from the date his conviction became final to seek federal habeas relief. 28 U.S.C. § 2244(d)(1). However, he filed a post-conviction petition before the time for seeking review in the Indiana Supreme Court expired, thus tolling the deadline. 28 U.S.C. § 2244(d)(2). The federal deadline will remain tolled until the state proceedings come to a conclusion. Because a dismissal would not effectively end McAuley's chance to obtain federal habeas review, a stay is not warranted.[1] Accordingly, the petition will be dismissed, but the dismissal is without prejudice to McAuley's right to refile after he has exhausted his claims in one complete round of state review.

---

[1] Elsewhere in his petition McAuley indicates that his post-conviction petition was filed on October 3, 2011, rather than August 12, 2011. (*See* DE 1 at 4.) Based on a state court order attached to the petition, the August date appears to be the accurate one. (*See id.* at 71.) However, even if the October date is correct, it would mean approximately 45 days elapsed on the one year clock before McAuley filed his post-conviction petition. In either case, he has more than ample time to exhaust his state court remedies and return to federal court, presuming he acts diligently.

4

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, I must either issue or deny a certificate of appealability in all cases where I enter a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). When I have dismissed the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, only one component needs to be addressed if it will resolve the issue. *Id.* at 485.

As explained above, McAuley has not yet exhausted his state court remedies, and so his petition must be dismissed. A dismissal without prejudice for failure to exhaust state court remedies is not an appealable order, unless the petitioner would be time-barred or otherwise precluded from returning to federal court after exhausting his state court remedies. *Dolis*, 454 F.3d at 723; *Moore v. Mote*, 368 F.3d 754 (7th Cir. 2004). That concern is not present here. Aside from this procedural barrier, nothing before me suggests that jurists of reason could debate the correctness of my procedural ruling or find a reason to encourage McAuley to proceed further without first exhausting his state court remedies.

For these reasons, the petition (DE 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES and the petitioner is **DENIED** a certificate of appealability.

**SO ORDERED**.

ENTERED: April 3, 2012

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT